(106 So. 681)

## COMMERCIAL CREDIT CO. v. FULLER.
### (4 Div. 157.)

(Court of Appeals of Alabama.   Dec. 15, 1925.)

**Criminal law** ☞1095—**Bill of exceptions not presented to trial judge or clerk within 90 days from judgment will be stricken.**

A bill of exceptions, which was not presented to trial judge or clerk within 90 days from day on which judgment was rendered, will be stricken on proper motion, in view of Code 1923, §§ 6433 and 6434.

Appeal from Circuit Court, Crenshaw County; A. E. Gamble, Judge.

Action in detinue by the Commercial Credit Company against J. Cliff Fuller. From a judgment for defendant, plaintiff appeals. Affirmed.

W. H. Stoddard, of Luverne, for appellant.

'In view of the decision, brief on the merits need not be here set out.

Frank B. Bricken, of Luverne, for appellee.

The bill of exceptions was not presented within the time required by law, and will not be considered.  Code 1923, § 6433; Hamilton v. State, 20 Ala. App. 585, 104 So. 345; Miller v. Whittington, 204 Ala. 207, 85 So. 394; Smith v. Smith, 173 Ala. 547, 55 So. 1009.

RICE, J.   From a judgment adverse to it in a detinue suit brought by it for the recovery of one certain Ford touring car, appellant prosecutes this appeal.

### On Motion.

The record shows the trial to have been had and judgment rendered on March 2, 1925. The bill of exceptions appears not to have been presented to the trial judge or clerk until June 2, 1925, more than 90 days from the day on which the judgment was rendered. This was not in accordance with law, and appellee's motion to strike the bill of exceptions, duly filed in this court, must be, and is hereby, granted.  Code 1923, §§ 6433 and 6434.

### On Merits.

There being no bill of exceptions, and no prejudicial error appearing in the record, the judgment is affirmed.

Affirmed.

———

(106 So. 679)

## SMITH v. STATE.   (5 Div. 597.)

(Court of Appeals of Alabama.  Dec. 15, 1925.)

**1. Intoxicating liquors** ☞238(5)—**Refusal of affirmative charge not error, where conflicting evidence raised question for jury.**

In liquor prosecution, where defendant denied making sales of liquor as testified to by state witness, conflict in evidence presented jury question; hence refusal of affirmative charge was not error.

**2. Criminal law** ☞1056(1) — **No question is presented for consideration of Court of Appeals, where no exception was reserved to any portion of oral charge.**

Where no exception was reserved to any portion of oral charge, no question on appeal is presented for consideration of Court of Appeals.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Rowland Smith was convicted of violating the prohibition law, and he appeals. Affirmed.

Hooten & Hooten, of Roanoke, for appellant.

Counsel argue for error in the rulings treated, and cite Mann v. State, 20 Ala. App. 540, 103 So. 604; Miller v. State, 20 Ala. App. 562, 103 So. 916.

Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

An exception is necessary to review the oral charge.  Forsythe v. State, 19 Ala. App. 669, 100 So. 198; Anderson v. State, 209 Ala. 36, 95 So. 171; Russell v. State, 19 Ala. App. 425, 97 So. 845; Ex parte State, 204 Ala. 389, 85 So. 785.

BRICKEN, P. J.   Appellant was indicted for the offense of violating the prohibition laws of the state.   He was convicted, and from the judgment of conviction appealed.

[1] The state insisted, and offered evidence tending to sustain the insistence, that the defendant sold whisky to the state witness examined upon the trial of this case.   No question or dispute exists about venue or time. The defendant denied that he made the sales of whisky as testified to by the state witness and offered other evidence tending to sustain him in this denial.   The conflict in the evidence presented a jury question; therefore there was no error in the refusal of the affirmative charge requested in writing by defendant.

There was ample evidence in this case to support the verdict of the jury and to sustain the judgment of conviction.   The several exceptions reserved to the rulings of the court upon the admission of evidence are each so clearly free from prejudicial error we shall refrain from any discussion in this connection.

[2] The oral charge of the court was fair to defendant and was able and explicit.   Moreover, no exception was reserved to any portion of the oral charge; therefore no question is presented for consideration.

The ruling of the court on motion for new trial is not presented.

Judgment appealed from is affirmed.

Affirmed.